THE FIRST NATIONAL BANK OF BARNESVILLE, OHIO, PLAIN-
TIFF IN ERROR, v. A. D. YOCUM, DEFENDANT IN ERROR.

Motion for rehearing. Leave to file a motion for a rehearing
(more than thirty days from time of filing opinion having
elapsed), denied.

APPLICATION for leave to file a motion for a rehearing,
in the case reported 11 Neb., 328.

*Hewitt & Yocum,* for the application.

MAXWELL, CH. J.

This is an application on behalf of the defendant for
leave to file a motion for a rehearing, as more than thirty
days have elapsed since the filing of the opinion. The
application is supported by the affidavit of the defendant,
wherein he states that he "was never notified of the
action of the supreme court in its finding and reversal of
said cause, so that he could file a motion for a rehearing
within the time required by the rule," etc.

Rule XVI provides that: "A motion for a rehearing
may be filed, as of course, at any time within thirty days
from the filing of the opinion of the court in the case,"
etc. The object of the rule is, to allow either party, in a
case, to call the attention of the court to any matter
involved therein, which may be deemed important.
In other words, the court is desirous of avoiding errors,
and therefore invites either party, when dissatisfied with
the opinion, to point out errors therein. But a party who
seeks to file a motion out of time, upon the ground that
he had no notice of the filing of the opinion, must state
facts. He must state the time when he first received
notice, and not in the form of a mere conclusion. It
must appear too, that the failure to receive notice was
not his fault. In both these particulars the affidavit in
question is fatally defective.

As a further consideration for denying the application we are convinced that our former opinion filed in this case is correct. The action was brought upon a promissory note, dated January 24th, 1872, made by the defendant herein, to one "P. Clark, or bearer," and due and payable six months after date, which note it is alleged in the petition, was on the 5th day of February, 1872, for a valuable consideration transferred to the plaintiff. To the petition the defendant filed an answer, wherein he "admits that he executed the said promissory note described in said plaintiff's petition, but denies that he owes said plaintiff any sum of money whatever therein, for the reason that said promissory note was executed and delivered by said plaintiff to the said P. Clark therein named, without any consideration whatever having been paid by the said P. Clark." It is also alleged that the plaintiff had notice of the fact before it became the holder of the note. The second count of the answer states in substance that the note was given in payment of worthless cloth, and that he was induced to purchase the same by false representations. The third count is substantially the same as the second. The fourth count alleges, that the plaintiff is not the legal owner or holder of said note. The answer may be summed up in these words: that the cloth for which the note was given was of no value; that the defendant was induced to purchase said cloth by false representations; and that the plaintiff had notice of these facts before purchasing the note. These being the issues, the instruction referred to in the opinion of the court was unauthorized, and in any view of the case must have misled the jury. A new trial will obviate this objection. The application must therefore be denied.

APPLICATION DENIED.